

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1780-08

**PAMELA SHAREKA LANGHAM, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### TAYLOR COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

### DISSENTING OPINION

The Court seems to be confused about what the testimony was at appellant's trial. I have read the record several times, but I still cannot find the "greater and more damning detail," the "too much incriminating detail," and the "too much damning information" about appellant with which the State "clearly crossed the line."[1] The Court does not say what that detailed and damning information was. What the Court seems to rely on is Detective Smith's

---

[1] Court's op. at 20, 21, 23.

testimony about what he personally observed at the drug house.[2]  That is not hearsay, its admission was not objectionable, and the State was entitled to use that testimony for its substantive value.

Detective Smith, in fact, repeated very little of what the confidential informant told him about appellant.  Smith testified that the C.I. told him appellant was at the residence "while this was taking place," which, at most, means she was at the house while drugs were being sold from it.  After Smith testified that Charlie Collins was the only person whom the C.I. identified by name as operating the crack-cocaine distribution business at the house, Smith said that appellant was "also involved."  This is the only evidence from the C.I. about appellant that was even arguably improperly admitted.

The Court says the court of appeals had a "flawed understanding" of what the Supreme Court means by the "primary" purpose of an investigation.[3]  This Court unfairly accuses the court of appeals of defining "primary" as "first in time."  But all the court of appeals said was, "Here, the primary purpose behind the statements of the confidential informant was not to provide testimony but to provide information to Detective Smith in order that he could obtain a search warrant."  There is no suggestion in this language that the court of appeals used the word "primary" to mean anything other than the obvious "first in importance."

---

[2]  Id. at 9.

[3]  Id. at 17.

The Court also says that the State relies on the Sixth Circuit opinion in *Cromer*.[4] This is a flawed understanding of the State's argument. Appellant asks us to adopt the reasoning in *Cromer*; the State does not. The State just responds to appellant's claim by arguing that, even under *Cromer*, appellant loses.

Finally, for two reasons, I take issue with the Court's decision to remand the case for a harm analysis. First, the court's harm analysis did not "simply" say the evidence was sufficient. It also said that even if there were error, "the error would not be reversible because beyond a reasonable doubt the error did not contribute to the conviction or punishment." This is the correct standard.

Second, we do not normally remand a case for a harm analysis unless none has been done or, if one has been done, we have issued an opinion in the interim that could affect the analysis. This is especially true if we granted review on the issue. If a court of appeals has conducted a flawed harm analysis, our usual procedure is not to say "do it again, but better" but to perform the harm analysis ourselves.

I respectfully dissent. Furthermore, I join Judge Hervey's dissenting opinion.

Filed: March 3, 2010
Publish

---

[4] Id. at 14, 15; *United States v. Cromer*, 389 F.3d 662 (6th Cir. 2004).